Upon another trial, the question of the prosecutor's argument will not arise.

Because this indictment will support a misdemeanor conviction as a first offender, the cause is not ordered dismissed, but the judgment is reversed and the cause remanded.

It is so ordered.

**Doris Jean WHEELER, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

**No. 27669.**

Court of Criminal Appeals of Texas.

June 15, 1955.

No attorney on appeal for appellant.

Henry Wade, Crim. Dist. Atty., George P. Blackburn, George Edwards, Asst. Crim. Dist. Attys., Dallas, Leon Douglas, State's Atty., Austin, for the State.

**v.**

**The STATE of Texas, Appellee (two cases).**

**Nos. 27670, 27671.**

Court of Criminal Appeals of Texas.

June 15, 1955.

No attorney on appeal for appellant.

Henry Wade, Dist. Atty., George Edwards, George P. Blackburn, Asst. Dist. Attys., Dallas, Leon Douglas, State's Atty., Austin, for the State.

PER CURIAM

The offense is misdemeanor theft; the punishment, 60 days in jail.

The record on appeal contains no statement of facts or bills of exception. All proceedings appear to be regular and nothing is presented for review.

The judgment of the trial court is affirmed, and no motion for rehearing will be entertained in this appeal.